IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.                                                                  Criminal Action No. 3:14cr21

BRYAN FARLEY,
                        Defendant.

## MEMORANDUM OPINION

The Court has held a bench trial in this case. After reviewing the evidence and law, the Court finds the defendant not guilty, for the reasons stated below.

## I. Facts

The evidence in this case establishes the following facts:

Bryan Farley is a fifty three year old man, who lives with his mother in Nashville, Tennessee. He spends much of his time in a messy room in their home, where he plays on the computer and communicates with others over the Internet.

Farley has a sexual interest in young girls. The FBI seized his computer and found pornographic pictures that appeared to depict children. He also engaged in "chat" with people who identified themselves as minors. Because of the anonymity of typed Internet conversations, he usually did not know for certain with whom he actually conversed, or their gender or age, but he hoped they were female children. The bulk of his computer-based conversation with ostensible young girls concerned sex.

Several of Farley's Internet contacts testified at trial. These young women had actively joined Farley in far-ranging and theatrical sexual discussions, detailing such things as their desires to have rough sex with him, to engage in sado-masochistic acts, and to serve as his sex

slave. Farley never came close to actually turning these far-fetched conversations into reality; none of the young women ever came anywhere close to meeting Farley. It is apparent that Farley and the women were engaged in role-playing, with no intent of ever meeting for any purpose.

Linsey Bosnich, an FBI agent based in Richmond, Virginia, went on the Internet posing as a thirteen year old child named "Sarah Baker." She attracted Farley's attention. Farley contacted her, hoping that she was really a thirteen year old girl. Farley professed both his desire to have sexual relations with her and deep affection for her. Farley attempted to verify her age and identity, and showed some doubt whether she was genuinely what she claimed to be. The attempts to determine her age and identity had two purposes: first, he was trying to make sure she was who she said she was. Second, they were part of a dialogue in which he tried to get photographs of her.

Although Farley and Bosnich talked about getting together at a hotel in Richmond, they never made any actual plans to meet. They had no travel or rendezvous plans. As far as the evidence shows, before his arrest, Farley had never been to Richmond. Farley never even figured out where she lived so that he could get a hotel room to take her to. The failure to meet is consistent with his conduct with the other young women, which never went beyond mutual make-believe.

Farley did, however, send Bosnich a web camera hoping that she would install it on her computer. He suggested that she should appear naked and masturbate in front of the camera.

The evidence does not show beyond a reasonable doubt that Farley actually planned to meet Bosnich or to engage in sexual conduct with her. Although Farley talks a good game, he lives in a fantasy world. Farley liked to talk to girls in sexual terms, but it was nothing more than

role playing. Farley would play the adult lover, and the girls would portray young nymphomaniacs. Farley and the girls played at it, but did not act their fantasies out.

## II. Discussion

Farley's indictment charges him with enticement of a minor to engage in illegal sexual acts, in violation of 18 U.S.C. § 2422(b). As relevant here, the statute makes it a crime to attempt[1] to entice a minor to engage in any "sexual activity for which any person can be charged with a criminal offense."[2] Farley's indictment charges that the secondary crime—the one "for which any person can be charged"—is the Virginia crime of carnal knowledge of a child between the ages of thirteen and fifteen, a violation of Va. Code § 18.2-63(A).[3] Under Virginia law, carnal knowledge involves various types of sexual touching: "sexual intercourse, cunnilingus, fellatio, anilingus, anal intercourse, and animate and inanimate object sexual penetration." Va. Code § 18.2-63(C).

Farley's charge contains the following elements:

1) an attempt

2) to entice

3) a child between the ages of thirteen and fifteen

4) to engage in a sexual activity consisting of carnal knowledge.

---

[1] Farley can only be charged with attempt because the agent was an adult, and he never actually persuaded the agent to engage in any sexual activity.
[2] Specifically, the statute provides as follows: "Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life." 18 U.S.C. § 2422(b).
[3] Virginia law defines the crime as follows: "If any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony." Va. Code § 18.2-63(A).

3

In some cases, enticement does not need to involve an attempt to have actual contact with the victim. In *United States v. Fugit*, 703 F. 3d 248 (4th Cir. 2012), the court said that the enticement statute criminalizes an attempt to persuade a minor to adopt a mental state—willingness to engage in sexual activity—regardless of the defendant's intent to engage in actual "interpersonal sexual contact." *Id.* at 255. In *Fugit*, the court said that the defendant only needs to try to persuade the victim to engage in "sexual activity." In turn, the court defines sexual activity defined broadly to mean "conduct connected with the 'active pursuit of libidinal gratification.'" *Id.* at 256.

*Fugit* focuses more on the definition of "sexual activity," and less on the requirement that the "activity" violate a specific law. In *Fugit* the court did not need to spend much time on the illegality of the "activity," because the parties agreed that the defendant's conduct amounted to taking indecent liberties with a minor, in violation of Virginia law. Without focus on the specific law violated, however, the crime becomes almost metaphysical. *Fugit*'s broad definition of sexual activity—something which helps one "achieve libidinal satisfaction"—encompasses a multitude of behaviors, including the romantic explorations of most adolescents.

Fortunately, the Court need not wade through the various things someone might persuade a child to do in order to "achieve libidinal gratification." Farley's indictment charges him with attempted persuasion of a minor to engage in much more specific conduct than the general "active pursuit of libidinal gratification." Here, the Government accuses Farley of attempting to entice a minor to engage in carnal knowledge—an offense which involves body to body contact, in the form of "sexual intercourse, cunnilingus, fellatio, anilingus, anal intercourse, and animate and inanimate object sexual penetration." Va. Code § 18.2-63(D).

The case, therefore, poses the following questions: Did Farley try to persuade the agent to agree to have carnal knowledge? Or did Farley think that he was just in a game of talking dirty on the Internet?

In most enticement cases, the answers to these questions are simple. The archetypal case involves someone talking to a minor on the Internet and then traveling to the minor's home to meet the child for sex. In such cases, the answer to the question is easy: the defendant wanted to convince the minor to engage in physical sexual activity as the "active pursuit of libidinal gratification."

But Farley's case is different. Farley did not take any steps to meet any of the children with whom he talked. The evidence indicates that he simply liked to talk about sex to ostensible young girls on the Internet. His prior "relationships" were fantasy games. He and the ostensible girls simply pretended that they were both ready for a passionate and wild experience, but they never went beyond pretend. The evidence in this case does not prove beyond a reasonable doubt that Farley wanted to convince the young women to engage in "sexual intercourse, cunnilingus, fellatio, anilingus, anal intercourse, and animate and inanimate object sexual penetration."

This case requires the Court to find the line between sexual fantasy and real life seduction. Often, apparent seducers amount to nothing more than "hot air." *United States v. Gladish*, 536 F. 3d 646, 650 (7th Cir. 2008). The law requires the Court to distinguish "real threats" from people who want to "obtain sexual satisfaction vicariously." *Id.* The evidence here does not show beyond a reasonable doubt that Farley is anything more than a pitiful bag of "hot air." As the Court said in *Gladish*, people in Internet chat rooms often think "that they [are] both enacting a fantasy." *Id.* The trial here contained abundant evidence that Farley and the young women to whom he talked were all talk and no action—all fantasy and no reality. While

Farley pretends to be the incarnation of Humbert Humbert, in real life he lacks the will or daring to be anything more than a pitiable character in a dream-filled comic book.

### III. Conclusion

Farley engaged in plainly reprehensible and sick conduct, but never tried to get actual assent to perform sex acts.

The Court finds him not guilty.

The Court will enter the appropriate Order.

Date: September 26, 2014
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

6